United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-31021
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD R. HARVEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CR-60-ALL
--------------------

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:[*]

Ronald R. Harvey appeals his guilty plea conviction and
sentence for being a felon in possession of a firearm.  He argues
that he was sentenced in violation of his plea agreement and that
the district court erred in upwardly departing.

For the first time on appeal, Harvey argues that the
terms of his plea agreement were violated by (1) the district
court's upward departure from the advisory guideline range; (2) the
Government's failure to move for a third acceptance-of-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

responsibility credit; and (3) the district court's failure to offer him the opportunity to withdraw his plea. Affording his argument plain error review, <u>United States v. Munoz</u>, 408 F.3d 222, 226 (5th Cir. 2005), we hold that the conduct of the district court and the Government was entirely consistent with the parties' reasonable understanding of the agreement. <u>See</u> <u>United States v. Wilder</u>, 15 F.3d 1292, 1295 (5th Cir. 1994). Consequently, his breach argument fails.

Harvey additionally argues for the first time on appeal that the district court's upward departure was erroneous. Affording this argument plain error review, <u>United States v. Jones</u>, 444 F.3d 430, 436 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 2958 (2006), we hold that Harvey has shown no error, plain or otherwise. To the extent that Harvey seeks to challenge the district court's refusal to award him a two-level § 3E1.1 adjustment, that issue is inadequately briefed and is therefore waived. <u>United States v. Thames</u>, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

**AFFIRMED.**